**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ARCLIGHT CAPITAL PARTNERS, )
LLC; ARCLIGHT ENERGY )
PARTNERS FUND VI, L.P.; and )
LIMETREE BAY HOLDINGS, LLC, )
                                    )
            Plaintiffs, )
                                    )
   and )
                                    )
FREEPOINT COMMODITIES LLC, )
                                    )
      Plaintiff-Intervenor, )
   v. )      **C.A. No. N24C-11-227 PRW**
                                    )                 **CCLD**
LEXINGTON INSURANCE CO., )
                                    )
         Defendant. )

*Upon The ArcLight Entities'*
*Motion for Reconsideration,*
**DENIED.**

Submitted: June 9, 2026
Decided: August 13, 2026

**ORDER**

**HAVING FULLY CONSIDERED** the ArcLight Entities' Motion for Reconsideration (D.I. 122) of the Court's Memorandum Opinion (D.I. 119); Lexington's response thereto (D.I. 124); the ArcLight Entities' reply (D.I. 127); the authorities cited; and the entire record developed thus far, it appears to the Court that:

(1) A motion for reconsideration under Civil Rule 59(e) allows the Court to

reconsider its findings of fact, conclusions of law, or judgment.[1]  "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[2]  Such a motion will be denied unless it is shown that the Court has overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts in a way that would affect the outcome of its earlier decision.[3]  Motions for reconsideration should not be used to rehash arguments or issues already decided by the Court.[4]  Nor are they instruments for raising new arguments.[5]  Upon its own examination of a Rule 59(e) application, the Court "will determine from the motion and answer whether reargument [or reconsideration] will be granted."[6]

---

[1]    Super. Ct. Civ. R. 59(e); s*ee Nicholson v. Sullivan,* 1993 WL 542297, at *1 (Del. Dec. 6, 1993) ("A motion for reargument is the proper device for seeking reconsideration of the findings of fact and conclusions of law of the Superior Court."); *see also RGIS Int'l Transition HOLDCO, LLC v. Retail Servs. WIS Corp.*, 2025 WL 3516148, at *2 (Del. Super. Ct. Dec. 8, 2025) (same).

[2]    *Weller v. Morris James LLP*, 2020 WL 4208466, at *1 n.13 (Del. Super. Ct. July 22, 2020), *aff'd,* 249 A.3d 104 (Del. 2021) (quoting *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007)); *see also Hichez v. Delmarva Power & Light Co.*, 2026 WL 2138389, at *1 (Del. Super. Ct. July 24, 2026) ("The moving party bears a heavy burden to demonstrate that the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision.") (citations omitted).

[3]    *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Ct. Aug. 24, 2001); *River Valley Ingredients, LLC v. Am. Proteins, Inc.*, 2025 WL 3091078, at *1 (Del. Super. Ct. Nov. 5, 2025).

[4]    *Id.*; *TFI Tutti LLC v. Sono Am., Inc.*, 2025 WL 3688737, at *3 (Del. Super. Ct. Dec. 19, 2025), *cert. denied,* 2026 WL 560363 (Del. Super. Ct. Feb. 27, 2026), and *appeal refused sub nom. Sono Int'l Co., Ltd. v. TFI Tutti LLC*, 2026 WL 1134036 (Del. Apr. 27, 2026).

[5]    *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Ct. Aug. 27, 2015) (citing cases); *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2024 WL 3273427, at *1 (Del. Super. Ct. July 2, 2024).

[6]    Super. Ct. Civ. R. 59(e).

(2)   The ArcLight Entities fail to shoulder their burden here; the Court has not misapprehended the facts in a way that would affect the outcome of its prior decision.[7]

(3)   The ArcLight Entities ask the Court to revisit its holding that LBH never requested coverage from AIG and thus isn't entitled to any costs under the Policy.[8] They argue that tender was made on LBH's behalf in a January 11, 2022 Letter to Lexington seeking coverage under the Policy.[9]  Alternatively, they contend that the complaint in this action served as tender for LBH.[10]

(4)   On the first point, the Letter didn't expressly or impliedly request tender on LBH's behalf.  True, the Letter states that it was sent on behalf of "Limetree Bay Refining, LLC and the other Limetree Bay companies identified as named insureds in endorsement no. 3 of the captioned Policy."[11]  And Policy Endorsement No. 3 lists LBH as a "Named Insured."[12]  But the Letter goes on to read that the "Limetree Bay insureds" were confirming notice to AIG and defines the Limetree Bay insured as "Limetree Bay Services, LLC, Limetree Bay Refining Holdings, LLC, Limetree Bay

---

[7]   Memorandum Opinion (D.I. 119); *Arclight Capital Partners, LLC v. Lexington Ins. Co.*, 2026 WL 1383078 (Del. Super. Ct. May 18, 2026)

[8]   The ArcLight Entities' Motion for Reconsideration of the May 18, 2026 Memorandum Opinion and Order [hereinafter "Motion"] at 1 (D.I. 122).

[9]   *See generally id.* at 2–5.

[10]   *See generally id.* at 5–7.

[11]   Smith Aff., Ex. B [hereinafter "Letter"] (D.I. 69).

[12]   Sugzda Aff., Ex. A (D.I. 68).

Refining Holdings II, LLC, Limetree Bay Refining, LLC, Limetree Bay Refining Operating, LLC, and Limetree Bay Refining Marketing, LLC."[13] This list doesn't include LBH. The Letter also predates LBH being sued in any of the underlying lawsuits by about 13 months. Further, the Letter doesn't state that any ArcLight Entities were giving pre-claim notice.

(5) What's more, given the Letter states it was sent on behalf of all ArcLight Entities and then limits the actual request for coverage to already-sued ArcLight Entities, the Letter explicitly didn't seek coverage on behalf of the not-yet-sued entities. The Letter only requested coverage on behalf of the ArcLight Entities that had been sued at that point.[14] And sophisticated counsel drafted the Letter.[15] If counsel intended for the Letter to serve as tender for all the ArcLight Entities, even those that hadn't been sued yet and were giving pre-claim notice, it would have stated so in the Letter to AIG.[16]

---

[13]   Letter n.1.

[14]   The ArcLight Entities admit that the law firm that sent the Letter didn't even represent LBH. Motion at 3 n.3. So, the Letter wasn't sent on LBH's behalf and counsel had no authority to request coverage on LBH's behalf. *See, e.g., Ins. Co. of Pennsylvania v. Great N. Ins. Co.*, 43 F. Supp. 3d 76, 82 (D. Mass. 2014) ("Moreover, Progression did not authorize ISOP to tender the claim on Progression's behalf. Without tender of the claim by or on behalf of its insured, Great Northern's coverage obligations, along with its equitable contribution obligations, were never triggered."); *see also* RESTATEMENT (THIRD) OF AGENCY § 1.01 (A.L.I. 2006) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.").

[15]   *See generally* Letter.

[16]   *See Sycamore Partners Mgmt., L.P. v. Endurance Am. Ins. Co.*, 2021 WL 4130631, at *16 (Del.

(6) One more thing on this point, AIG didn't state in its response to the Letter that it was treating the Letter as tender for all insureds. The ArcLight Entities highlight AIG's November 3, 2023, letter, which stated that AIG "first received notice of the potential claims against [LBT] by email and letter dated January 11, 2022."[17] Except the January Letter included the complaints to the underlying lawsuits and LBT was a defendant in those lawsuits at the time of the January Letter.[18] LBH was not.

(7) For the second point, the ArcLight Entities can still assert that the complaint in this litigation constituted notice to Lexington because that issue goes beyond what the Memorandum Opinion ruled on. In its partial motion for summary judgment, Lexington moved for summary judgment "on the issue of whether Plaintiffs ArcLight Energy Partners Fund IV, L.P. and Limetree Bay Holdings, LLC

---

Super. Ct. Sept. 10, 2021) (interpreting letter demand sent by counsel based on its plain language).

[17]   The Motion at 4 (quoting Sugzda Aff., Ex. H at 9 (D.I. 68)).

[18]   *See generally* Sugzda Aff., Ex. H (recognizing that the *Shirley*, *Cotton*, and *Charles* complaints all listed LBT as a defendant initially); *see also* Kingshill Aff., Ex. A (D.I. 122) (dated before LBH became a defendant in the underlying lawsuits). To the extent that the Court is allowed to consider this new affidavit and exhibit that doesn't seem to be in the summary judgment record, the correspondence never says that the January Letter constituted tender for not-yet-sued entities and expressly recognizes that the Letter didn't make a claim for Pre-Claim Circumstances. Kingshill Aff., Ex. A at 7 n.4; *see also Gary Realty Co. v. Dudek*, 1980 WL 318318, at *3 n.8 (Del. Super. Ct. June 10, 1980) ("This Court has ruled that for filing time purposes where the moving party seeks to argue only legal issues and not to present new evidence, the motion will be considered a motion for reargument. Since the plaintiffs in the instant case sought a new trial in part for the purpose of introducing new evidence, the motion was properly classified as a Rule 59(a) motion for new trial.") (citations omitted). Also, a motion for reargument or reconsideration is "not a vehicle . . . to present new [arguments]." *Gregory M. Raiff 2000 Tr. v. Jenzabar, Inc.*, 2026 WL 1861372, at *1 (Del. Ch. June 26, 2026).

(together, the 'ArcLight Plaintiffs') may recover defense costs incurred prior to being named as defendants in the relevant underlying actions and requesting a defense from Lexington on January 25, 2024."[19] Lexington's motion covered only this period, and the ArcLight Entities' motion for partial summary judgment doesn't limit the purview of Lexington's motion, as both motions are considered separately.[20] Likewise, the ArcLight Entities cannot use this Motion to expand the Memorandum Opinion's scope. Because the ArcLight Entities filed[21] their complaint in this action on November 22, 2024, the issue of the complaint triggering notice is beyond the Memorandum Opinion's ambit.[22]

(8) Consequently, the ArcLight Entities have failed to show that the Court misapprehended the facts in the Memorandum Opinion. The Letter doesn't include an express or implicit request for coverage from LBH. Still, the Court's Memorandum Opinion covered only the period until January 25, 2024. So, the ArcLight Entities can aver that the complaint constituted tender on behalf of LBH as the Court didn't rule on that issue.

---

[19] Lexington Cross-Mot. for Partial Summ. J. regarding Pre-Tender Defense Costs (D.I. 72).

[20] *Arclight Capital Partners, LLC*, 2026 WL 1383078, at *15 (Del. Super. Ct. May 18, 2026).

[21] D.I. 1.

[22] To clarify, the Memorandum Opinion's holding that LBH never requested coverage applies up to January 25, 2024, because that was the scope of Lexington's motion. This is why "no party briefed the issue of whether the Complaint constituted tender in the briefing leading up to the Order." ArcLight Reply at 5 (D.I. 127).

Accordingly, **IT IS HEREBY ORDERED** that the ArcLight Entities' Motion

for Reconsideration is **DENIED**.

/s/ *Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary
cc: All Counsel via File and Serve